

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 30, 1990

Mr. Dennis R. Jones
Commissioner
Texas Department of Mental
  Health and Mental Retardation
P. O. Box 12668
Austin, Texas 78711-2668

Opinion No. JM-1252

Re: Whether section 2.13 of the Mental Health and Mental Retardation Act authorizes the Department of Mental Health and Mental Retardation to purchase and/or lease real and personal property for the purpose of providing community-based services without following the procedures of the State Purchasing and General Services Act (RQ-2049)

Dear Commissioner Jones:

You ask whether section 2.13 of the Texas Mental Health and Mental Retardation Act authorizes the Texas Department of Mental Health and Mental Retardation [the "department"], to purchase or lease personal property, or to lease real property, in connection with the provision of community-based mental health and mental retardation services under that act, without being subject to the provisions of the State Purchasing and General Services Act, V.T.C.S. article 601b. See V.T.C.S. art. 5547-201 et seq. (the Texas Mental Health and Mental Retardation Act).

Article 601b provides that the State Purchasing and General Services Commission [the "commission"] "shall purchase, lease, rent, or otherwise acquire all supplies, materials, services, and equipment for all state agencies."[1]

---

1. Section 3.01(a)(4) makes exception for "materials, supplies, or equipment purchased by a state-owned hospital
(Footnote Continued)

Id. § 3.01(a).  Article 6 of that act provides that  "[w]hen a state agency needs  space to carry  on its functions  [it] shall submit a written request for the space to the  commission."  Id. § 6.02(a).  If  state-owned space is not  available "the commission may lease  space for  the agency  from another  source."  Id. § 6.05(a).  Under  such a  lease contract "the State of Texas, acting through the commission, is the lessee."  Id. § 6.05(e).[2]

The department  is clearly  a state  agency within  the purview of  the  provisions  of  article  601b.  See  id. § 1.02(2)  (defining  "state  agency").  Attorney  General Opinion JM-978 (1988)  noted that  a "state  agency . . . is subject  to  the  provisions  of  article  601b . . . unless exempted  by  the  legislature."  You  suggest  that  the department  has  authority  under  the  circumstances  you describe to purchase or lease personal property or to  lease real property without being  subject to the requirements  of article 601b.

Article 5547-204 provides specifically for the  department's  duties  regarding  "community-based  services,"  the context in which your  question about the department's  purchasing and leasing authority has arisen.  Section 4.03,  in subsection (a),  lists the  minimum  services that  must  be available in  each  service  area and,  in  subsection  (b), directs  the  department  to  contract  with  "designated providers"  in  each service  area  to provide  the  services directly or by subcontract.  "Designated providers"  may  be

---

(Footnote Continued)
or clinic" under the  circumstances set out there.  Section 3.06 provides that  the commission may  delegate to a  state agency  authority  to  purchase  supplies,  materials,  and equipment in  accordance with  commission-prescribed  procedures.  Section  3.07  provides  for  emergency  purchases. Section 3.08 provides that "state agencies are delegated the authority to purchase supplies, materials, and equipment  if the purchase does not exceed $500" but that the  commission shall prescribe procedures for these purchases.  You neither reference any of these provisions  nor supply us with  facts indicating they  are  relevant  to  the  situations  you  are concerned about.  We will therefore not address them here.

2.  See also 1  T.A.C.  §§ 113.1  et  seq.  (commission rules regarding  purchasing),  115.31  et  seq.  (commission rules regarding leasing of space).

"community centers"[3] operated by certain local governmental entities, other local agencies, or private providers. Id. § 4.03(b). "If the Department is unable to identify and contract with a designated provider in a service area, the Department shall provide the services required under this article directly through a departmental facility outreach program." Id.

Section 4.01A of article 5547-204 provides that the term "mental health or mental retardation authority" is used in the article to refer to both a "designated provider" and a "departmental facility outreach program." You indicate in your request that under some contracts with designated providers, and for some departmental outreach programs established under article 5547-204, the department must acquire and provide equipment, supplies, and facilities to be used by such mental health or mental retardation authorities in rendering the community-based services. You suggest that section 2.13 of the Mental Health and Mental Retardation Act, if read together with section 4.03C, provides the department with authority to acquire such property under the "competitive procurement system" established under section 4.03C, rather than under the requirements of article 601b. We disagree.

Section 2.13 of article 5547-202 provides:

> The Department may cooperate, negotiate and contract with local agencies, hospitals, private organizations and foundations, community centers, physicians and persons to plan, develop and provide community-based mental health and mental retardation services.

Section 4.03C of article 5547-204 reads, in pertinent part:

> (a) This section applies only to a contract to provide service for persons with mental retardation or mental illness at the community level, including residential services, that:

---

3. See V.T.C.S. art. 5547-203 (providing for establishment and operation of "community centers").

(1)   is between a  private provider and  a mental health or  mental retardation  author-ity;

(2)   involves the  use of  state funds  or funds  for which  the  state  has  oversight responsibility; and

(3)   is  initially  awarded  on  or  after August 30, 1989.

(b)   The department  shall design  a  com-petitive procurement or similar system that a mental health or mental retardation authority shall use in awarding  a contract under  this section.

<u>See also</u> 25 T.A.C.  §§ 401.377 -  401.385 (the  department's rules promulgated pursuant to section 4.03C).

We find nothing in sections  2.13 or 4.03C which  indi-cates  that  the  legislature  intended  these  sections  to provide exemptions from article 601b for leases or purchases of property by the department.

Even if the procurement system provided for in  section 4.03C might  arguably  be made  applicable  to  departmental procurements where the mental  health or mental  retardation authority to  be contracting  for  services with  a  private provider is a departmental  facility outreach program,  that section applies  only to  contracts  with a  provider.   If, under such  a  contract, a  departmental  facility  outreach program is  to  provide space  or  property to  be  used  in rendering the services, the department's acquisition of such space or  property is  not exempt  from article  601b.   <u>See</u> Attorney General Opinion JM-445  (1986) (purchases by  Texas Surplus Property Agency with funds from Service Charge Trust Fund subject to article 601b).  <u>Cf.</u> Attorney General Opinion JM-978  (1988)  (administration  of  medicaid  program  for Department of  Human  Services).  <u>Compare</u>  Attorney  General Opinion H-459 (1974)  (the predecessor to  article 601b  did not apply  to a  short-term  rental of  space by  the  Texas Rehabilitation Commission for a client of the commission).

## S U M M A R Y

Where the Department of Mental Health and Mental Retardation purchases or leases personal property, or leases real property, to be used in connection with the provision of community-based services by a mental health or mental retardation authority under the Mental Health and Mental Retardation Act, section 2.13 of that act does not exempt those acquisitions from the provisions of article 601b, the State Purchasing and General Services Act.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General